Jan D. Sokol, OSB #780873
jdsokol@lawssg.com
STEWART SOKOL & GRAY LLC
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
Telephone: (503) 221-0699
Facsimile: (503) 223-5706
*Attorneys for Plaintiff*
*Alliance Industrial Group*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ALLIANCE INDUSTRIAL GROUP, INC., an Oregon corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SCHUFF STEEL COMPANY, a Delaware corporation,<br><br>Defendant. | Case No. 3:14-cv-00014-AC<br><br>**AMENDED COMPLAINT (BREACH OF CONTRACT; BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; CARDINAL CHANGE/QUANTUM MERUIT)** |

For its Amended Complaint, Alliance Industrial Group, Inc. ("AIG") alleges as follows:

1. AIG is an Oregon corporation, with its principal place of business in the State of Washington and is properly licensed by the Oregon Construction Contractors Board.

2. Defendant Schuff Steel Company ("Schuff") is a Delaware corporation, with its principal place of business in a place other than the States of Oregon and Washington.

///

PAGE 1 - AMENDED COMPLAINT
m:\wdocs\ssgmain\8027\8027.009\plead\01071430.docx

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

3. Jurisdiction is proper in this Court under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between plaintiff and defendant, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

4. Venue is proper in this District under 28 U.S.C. § 1591(a) because it is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

5. Schuff entered into a subcontract with Howard S. Wright Construction Co. for steel work on a project in Washington County commonly known as Intel Ronler Acres RA4 Facilities (the "Project").

6. On or about April 18, 2013, Schuff entered into a subcontract with AIG for the provision of structural steel erection for the Project (the "Subcontract").

7. On or about April 8 and April 12, 2013, Schuff provided AIG with details regarding DCN No. 18, which included, among other things, design changes to a portion of AIG's work.

8. On or about April 19, 2013, AIG provided Schuff with pricing to reconcile the prices contained in AIG's bid due to the DCN No. 18 changes to a portion of AIG's work. Schuff rejected the request for a change in the pricing by AIG.

9. Thereafter, Schuff instructed AIG to use the quantities that Schuff had calculated in order to reconcile the prices due to DCN No.18.

10. AIG, having no reason to doubt the veracity of the quantities and information provided by Schuff, incorporated those quantities into its reconciliation documentation and submitted that information to Schuff to incorporate into a change order.

11. However, the information provided by Schuff to AIG for purposes of the reconciliation was materially erroneous. For example, Schuff's calculations showed

///

PAGE 2 - AMENDED COMPLAINT
m:\wdocs\ssgmain\8027\8027.009\plead\01071430.docx

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

1   a deduction in steel quantities of 681 tons; along with that there was an increase of
2   1,458 tons.

3   12.   Pursuant to an agreement between the parties separate from the
4   Subcontract, plaintiff performed extra work on the Project on a time and material
5   basis.  AIG submitted tickets to Schuff for its work, however, despite demand, Schuff
6   failed to pay AIG for this work.

7   13.   AIG submitted an engineering erection plan which met the Project
8   requirements and was approved by Schuff before AIG commenced work on the
9   Project.  However, Schuff subsequently modified AIG's plan, requiring AIG to
10  perform its work in a manner different than planned, resulting in increased costs to
11  AIG.

12  14.   Schuff breached its contractual obligations by failing to make multiple
13  deliveries of steel and in some cases by making deliveries of steel that were out of
14  sequence. As a result, AIG was unable to erect some of the steel in a timely fashion,
15  resulting in increased costs.

16  15.   At Schuff's specific direction, AIG performed extra work in connection
17  with the Subcontract.  However, Schuff has not fully paid AIG for this extra work.

18  16.   AIG has substantially completed its work on the Project and requested
19  the payment of retainage. Schuff has failed to release the retainage, accept the work
20  as complete, or notify AIG of work yet to be performed under the contract.  In
21  addition, AIG posted a performance bond on the Project.  Notwithstanding that fact,
22  Schuff, in violation of ORS 701.420(1), withheld as retainage more than 5% of the
23  contract price of the work completed.

24  **FIRST CLAIM FOR RELIEF**
25  **(Breach of Contract)**

26  17.   AIG realleges the allegations in paragraphs 1-16, above.

PAGE 3 - AMENDED COMPLAINT
m:\wdocs\ssgmain\8027\8027.009\plead\01071430.docx

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

18. Schuff materially breached the Subcontract by forcing AIG to utilize defendant's erroneous calculations in the price reconciliation of DCN No. 18, by failing to pay AIG for extra work performed at Schuff's direction, including work performed on a time and material basis, by requiring AIG to deviate from its approved engineered and erection plan, and by failing to pay AIG its retainage.

19. AIG has fully performed all the terms and conditions of the Subcontract and the agreement and any condition or term not specifically performed by AIG was excused by Schuff's breach of the Subcontract and the agreement.

20. As a result of Schuff's breaches, AIG has been damaged in the following amounts:

1. DCN No. 18 changes:  $1,350,152.50
2. Lump sum extra work: $108,151.52
3. Modifications, the safety plan: $227,000.00
4. Time and material extra work: $8,359.73
5. Schedule impacts: $192,148.44
6. Retainage: $501,290.27

21. Plaintiff is entitled to interest on the principal amount at the statutory rate of 9% per annum, and penalty interest on excessive retainage withheld and its reasonable attorney fees incurred.

## SECOND CLAIM FOR RELIEF

**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

22. AIG realleges the allegations in paragraphs 1-6, above.

23. By operation of law and under the Contract, Schuff owed AIG a duty of good faith and fair dealing in connection with the Subcontract, such that AIG could fulfill its contract obligations, enjoying the benefits of its bargain.

///

PAGE 4 - AMENDED COMPLAINT
m:\wdocs\ssgmain\8027\8027.009\plead\01071430.docx

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

24. Schuff significantly and materially breached the covenant of good faith and fair dealing, to AIG's detriment, as a result of its conduct, including, but not limited to, Schuff's failure to comply with the provisions of the contract and its implied obligations under the contract, and to compensate plaintiff for the work it was directed by Schuff to perform.

25. As a direct, proximate and foreseeable result of Schuff's breaches of the covenant of good faith and fair dealing, AIG has been damaged in an amount of not less than $2,387,102.46, together with statutory interest therein at 9% per annum.

## THIRD CLAIM FOR RELIEF

### (Cardinal Change/Quantum Meruit)

26. AIG realleges the allegations in paragraphs 1-5, above.

27. The breaches of contract alleged above resulted in AIG being required to perform a contract that was significantly different in character, scope and cost than the contract with respect to which it submitted its bid.

28. As a result, the work and project performed by AIG, at the direction of Schuff and its agents, was substantially more onerous, difficult and costly to perform than the work originally contemplated by the Subcontract.

29. As a result of the cardinal breaches of contract, mismanagement and lack of coordination of the Project and cardinal terms, AIG is entitled to recover the reasonable value of all labor, materials and services performed on a cardinal change/quantum meruit basis in an amount not less than $2,387,102.46

WHEREFORE, plaintiff prays for judgment against Schuff, as follows:

1. On its first claim for relief, for money judgment against Schuff in the principal sum of $2,387,102.46, together with interest thereon at the statutory rate of 9% per annum and plaintiff's reasonable attorney fees incurred.

PAGE 5 - AMENDED COMPLAINT
m:\wdocs\ssgmain\8027\8027.009\plead\01071430.docx

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

2. On its second claim for relief, for money judgment against Schuff in the principal sum of $2,387,102.46, together with interest thereon at the statutory rate of 9% per annum.

3. On its third claim for relief, for money judgment against Schuff in the principal sum of $2,387,102.46, together with interest thereon at the statutory rate of 9% per annum.

4. On all claims for relief, for its costs and disbursements incurred.

5. For such other and further relief as this court deems equitable and just.

DATED this 6th day of June, 2014.

STEWART SOKOL & GRAY LLC


By : /s/ Jan D. Sokol
Jan D. Sokol, OSB #780873
jdsokol@lawssg.com
*Attorneys for Plaintiff Alliance Industrial Group*

PAGE 6 - AMENDED COMPLAINT
m:\wdocs\ssgmain\8027\8027.009\plead\01071430.docx

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing **AMENDED COMPLAINT** on:

    Seann C. Colgan
    scolgan@corrcronin.com
    Guy P. Michelson, *pro hac vice*
    gmichelson@corrcronin.com
    Corr Cronin Michelson Baumgardner & Preece LLP
    1001 Fourth Avenue, Suite 3900
    Seattle, WA  98154

by the following indicated method or methods:

☑    by **E-filing** a full, true and correct copy thereof to the attorney, as shown above, at the electronic mail address reflected on the court's CM/ECF system, on the date set forth below.

___    by **mailing** a full, true and correct copy thereof in a sealed, first-class postage-paid envelope, and addressed to the attorney as shown above, the last-known office address of the attorney, and deposited with the United States Postal Service at Portland, Oregon on the date set forth below.

___    by **e-mailing** a full, true and correct copy thereof to the party as shown above, at the last known electronic mail address reflected above, on the date set forth below.

DATED this 6th day of June, 2014.

    STEWART SOKOL & GRAY LLC

    By:  /s/ Jan D. Sokol
    Jan D. Sokol, OSB #780873
    jdsokol@lawssg.com
    *Attorneys for Plaintiff Alliance Industrial Group*

CERTIFICATE OF SERVICE

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW

2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706